

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NITA PAGE, AS ADMINISTRATRIX      §
OF THE ESTATE OF JACOB WOULLARD,  §
DECEASED,                         §
                                  §
          Plaintiff,              §
                                  §
VS.                               §   NO. 4:15-CV-367-A
                                  §
JPMORGAN CHASE BANK, N.A.,        §
                                  §
          Defendant.              §

<u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration the motion of defendant, JPMorgan

Chase Bank, N.A., for summary judgment. The court, having

considered the motion, the response of plaintiff, Nita Page, as

Administratrix of the Estate of Jacob Woullard ("Estate"),

Deceased, the reply, the record, the summary judgment evidence,

and applicable authorities, finds that the motion should be

granted.

I.

<u>Background</u>

On April 30, 2015, plaintiff filed her verified original

petition under Cause No. 2013-PR00673-2-B in the Probate Court

No. 2 of Tarrant County, Texas. On May 13, 2015, defendant filed

its notice of removal, bringing the action before this court.

Doc.[1] 1. As ordered by the court following the removal, on May 28, 2015, plaintiff filed her first amended complaint. Doc. 6. As noted below, the amended complaint appears to contain a number of misstatements, which can be corrected by reference to the documents attached thereto.[2]

Plaintiff alleges the following:

The Estate is the owner of property located at 8613 Sunwood Court, Fort Worth, Texas, more particularly described as:

> Being Lot 22, Block 14, of Summer Creek South, Phase Three, an Addition to the City of Fort Worth, Tarrant County, Texas, According the Plat Recorded in Cabinet A, Slide 11029, Deed Records of Tarrant County, Texas.

Doc. 6 at 2. Jacob Woullard ("Woullard") purchased property on or about June 13, 2007, with proceeds of a note he executed payable to defendant's predecessor. The note was secured by a deed of trust. Doc. 6 at 2-3. [The note and deed of trust reflect that the actual address of the property is 5113 Sunwood Court. Doc. 6 at 8, 13. The court surmises that the property at 8613 Sunwood Court is owned by Nita Page, individually, as she further alleges that defendant sent the Estate a notice of default and the copy attached to the amended complaint reflects that it was addressed to the Estate at 8613 Sunwood Court. Doc. 6 at 32.] Woullard died

---

[1] The "Doc." reference is to the number of the item on the court's docket in this action.

[2] The original petition contains the same misstatements. Doc. 1.

on or about May 8, 2009. Doc. 6 at 3. [Actually, he died on May 1, 2009, according to the death certificate. Doc. 6 at 31.]

On January 4, 2010, defendant sent the Estate a notice of default and intent to accelerate. Doc. 6 at 3, 32. [The copy of the letter attached to the complaint reflects that it was sent to the Estate at 8613 Sunwood Court.]  On February 3, 2011, defendant sent the Estate a letter giving the pay-off amount for the loan and a separate letter giving the amount needed to be paid to reinstate the loan. Doc. 6 at 3. [Copies of the letters attached to the complaint reflect that they were sent via email. Doc. 6 at 35-36.]

Plaintiff and defendant were parties to an earlier lawsuit initiated in the Probate Court No. 2 of Tarrant County, that was removed to this court and assigned Case No. 4:13-CV-407-Y. Plaintiff's claims in that action were dismissed with prejudice and the judgment was affirmed on appeal. Doc. 6 at 3.

Plaintiff takes the position that the letter of January 4, 2010, was unequivocal notice of intent to accelerate and that the letter of February 3, 2011, giving the full loan balance was notice of acceleration. She seeks a declaration[3] that since more

---

[3]Plaintiff says that the action is brought pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code (which is known as the Texas Uniform Declaratory Judgments Act ("DJA")). Doc. 6 at 6.  However, the DJA  is a procedural, rather than substantive, provision and does not generally apply to a removed action such as this. Camacho v. Texas Workforce Comm'n, 445 F.3d 407, (5th Cir. 2006);

(continued...)

than four years have elapsed since the notice of acceleration, defendant can no longer enforce its deed of trust lien. Doc. 6 at 4-6.

## II.

### Grounds of the Motion

Defendant maintains that plaintiff's claim is based on the erroneous contention that the payoff and reinstatement quotes sent on February 3, 2011, constituted clear and unequivocal notice of acceleration so as to start the running of limitations. Defendant says that the letters were sent at plaintiff's request and that neither letter was served as required by the deed of trust.

## III.

### Applicable Legal Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material

---

[3](...continued)
Utica Lloyds of Tex. v. Mitchell, 138 F.3d 208, 210 (5th Cir. 1998).

fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 325 (1986).
The movant can discharge this burden by pointing out the absence
of evidence supporting one or more essential elements of the
nonmoving party's claim, "since a complete failure of proof
concerning an essential element of the nonmoving party's case
necessarily renders all other facts immaterial." <u>Id.</u> at 323.
Once the movant has carried its burden under Rule 56(a), the
nonmoving party must identify evidence in the record that creates
a genuine dispute as to each of the challenged elements of its
case. <u>Id.</u> at 324; <u>see also</u> Fed. R. Civ. P. 56(c) ("A party
asserting that a fact . . . is genuinely disputed must support
the assertion by . . . citing to particular parts of materials in
the record . . . ."). If the evidence identified could not lead
a rational trier of fact to find in favor of the nonmoving party
as to each essential element of the nonmoving party's case, there
is no genuine dispute for trial and summary judgment is
appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>,
475 U.S. 574, 587, 597 (1986). In <u>Mississippi Prot. & Advocacy</u>
<u>Sys., Inc. v. Cotten</u>, the Fifth Circuit explained:

> Where the record, including affidavits,
> interrogatories, admissions, and depositions could not,
> as a whole, lead a rational trier of fact to find for
> the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[4] <u>Celotex Corp.</u>, 477 U.S. at 323.  If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. <u>Matsushita</u>, 475 U.S. at 597; <u>see also</u> <u>Mississippi Prot. & Advocacy Sys.</u>, 929 F.2d at 1058.

IV.

<u>Analysis</u>

Effective acceleration of a debt requires a notice of intent to accelerate and notice of acceleration. <u>Holy Cross Church of God in Christ v. Wolf</u>, 44 S.W.3d 562, 566 (Tex. 2001). The notices must be clear and unequivocal. <u>Id.</u> And, in this case, the deed of trust requires that to be effective, the notice of acceleration must be in writing mailed by first class mail or delivered to the borrower's notice address. Doc. 33 at 69, ¶ 15; 71, ¶ 22.

Plaintiff argues that the January 4, 2010, letter gives unequivocal notice of intent to accelerate in that it states that if the mortgagor fails to cure the default, "Chase Home Finance LLC will accelerate the maturity of the Loan . . ." Doc. 39 at

---

[4]In <u>Boeing Co. v. Shipman</u>, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

6

36. The letter reflects that the address to which it was sent is different from the property address shown in the deed of trust. Id. Thus, it does not appear to constitute notice under the deed of trust. Likewise, the summary judgment evidence shows that the letters sent on February 3, 2011, were emailed at plaintiff's request to her. There is no indication that they were mailed or delivered in accordance with the requirements of the deed of trust. The court further notes that plaintiff was not appointed administratrix of the Estate until May 3, 2013, a date long after the letters upon which she relies were sent.[5] Doc. 33 at 79-80. (In other words, even if notice given to an administratrix would constitute notice effective under the deed of trust, the evidence shows that plaintiff was not authorized to act in that capacity until more than two years after the notice was given.)

Plaintiff has not come forward with any other summary judgment evidence to establish proper acceleration of the note on February 3, 2011. Therefore, the court finds that the motion must be granted.

---

[5]The court notes that at the time it issued the July 21, 2015, memorandum opinion and order denying defendant's motion to dismiss, the court was not made aware that the notices were not sent to the property address or that plaintiff was not the authorized representative of the estate at the time.

V.

<u>Order</u>

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on her claims against defendant; and, that such claims be, and are hereby, dismissed.

SIGNED May 24, 2016.

JOHN McBRYDE
United States District Judge